IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BOBBY WALKER, #280157, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:18-CV-770-ECM |
| ) | |
| JOSEPH E. ZEIGLER, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Bobby Walker, an indigent state inmate currently incarcerated at the Frank Lee Youth Center. In the amended complaint, Walker alleges that while he was confined at the Red Eagle Honor Farm, the defendants subjected him to excessive force on July 23, 2018. Doc. 7 at 3.

The defendants filed a special report supported by relevant evidentiary materials, including affidavits, institutional records and a body chart taken on the day of the altercation, in which they address the claim for relief presented by Walker. The report and evidentiary materials respond to the allegations presented by Walker. Specifically, the defendants assert that they did not act in violation of Walker's constitutional rights as they only used that amount of force necessary to gain control of Walker after he disobeyed orders and acted in a disruptive manner. Doc. 14-1 at 1–2; Doc. 14-2 at 1. The evidentiary

materials filed by the defendants further demonstrate that Walker did not suffer any injury as a result of the force used against him. Doc. 14-4.

In light of the foregoing, the court issued an order directing Walker to file a response to the defendants' written report. Doc. 15. The order advised Walker that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 15 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 15 at 1 (emphasis in original). The time allotted Walker for filing a response in compliance with this order expired on December 5, 2018. Walker has failed to file a response in opposition to the defendants' written report. The court therefore finds that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, it is clear that dismissal of this case is the proper course of action at this time. Specifically, Walker is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, his inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the evidentiary materials submitted by the defendants, which are at this point undisputed by Walker, demonstrate that no violation of the Constitution occurred. It likewise appears that any

additional effort by this court to secure Walker's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the court concludes that the abandonment of this case by Walker and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **February 20, 2019,** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the

provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 6th day of February, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge